[Civ. No. 60963. Second Dist., Div. Four. Sept. 18, 1981.]

K & F CONSTRUCTION, Plaintiff and Appellant, v.
LOS ANGELES CITY UNIFIED SCHOOL DISTRICT, Defendant
and Respondent.

COUNSEL

Ramsey & Rasmussen and Norman Rasmussen for Plaintiff and Appellant.

John H. Larson, County Counsel, and Roberta M. Fesler, Deputy County Counsel, for Defendant and Respondent.

OPINION

KINGSLEY, Acting P. J.—Plaintiff entered into a contract with defendant school district to construct a school building. The contract called for a total consideration of $950,000 and required that construction be completed within 300 days. Thereafter, the district issued a series of change orders, the completion of which required an additional 41 working days. Plaintiff was granted an extension of time for that period, and has been paid the agreed cost of the additional work, including a 15 percent item for its overhead. It here claims to be entitled to what it calls "Daily Job Costs," consisting of its costs to keep the job site open and available for the 41-day period and for the cost of its on-site job superintendent. The trial court denied the additional sums. We agree.

██ Plaintiff's contention is rebutted by the express language of the contract between the parties. Subparagraph (c) of section 12 of that contract provides as follows:

"c. Extension of Time: If the Contractor is delayed in completing the work by reason of any change made pursuant to this Section, the time for completion of the work shall be extended by Change Order for a period commensurate with such delay. The Contractor shall not be subject to any claim for liquidated damages for this period of time, but the Contractor shall have no claim for any other compensation for any such delay."

We can see in that provision no ambiguity; if there be any, section 1654 of the Civil Code requires that it be construed adversely to plaintiff.

Since the contract itself determines the only issue before us, we need not, and do not, determine the dispute over the effect of an earlier contract to which the district and plaintiff were parties.

The judgment is affirmed.

Woods, J., and McClosky, J., concurred.